## LYDA AKIN v. NETTIE JOHNSON AND AUGUST JOHNSON.

(148 N. W. 535.)

**Question of fact — conclusions — credibility of witnesses — for the jury — verdict of jury — supported by competent evidence — will not be disturbed.**

Questions of fact, as well as conclusions regarding the credibility of the witnesses, are primarily and fundamentally for the jury, and not for the court, to pass upon and to determine. Where no error of law has been committed by the trial court, a verdict of the jury will not be disturbed which is supported by at least some competent testimony.

Opinion filed July 7, 1914.

Appeal from the District Court of Cass County, *Pollock,* J.

Action to recover wages for services rendered. Counterclaim for board and clothing furnished. Judgment for plaintiff. Defendants. appeal.

Affirmed.

Statement by BRUCE, J.

This is an action to recover $2.80 claimed to have been misappropriated by the defendant, and the sum of $206 for services rendered as a domestic, less an allowance of $15 for clothing and necessaries. furnished by the defendants to the plaintiff. An answer which practically amounted to a general denial was interposed, and in addition. thereto a counterclaim which alleged that the plaintiff had lived in the family of the defendants, and was furnished with board and lodging and clothing, and which placed the value of the clothing at $64.49, and the board and lodging at the amount of $12 a month, and in all prayed for a judgment in the sum of $124.49.

The jury returned a verdict in favor of the plaintiff for the sum of $169.80, with interest at 7 per cent from June 1, 1911. A motion for a new trial was made and denied, and an appeal was taken, the defendants claiming that the damages were excessive and given under the influences of passion and prejudice, and that the evidence was insufficient to support the verdict.

*Chas. G. Bangert,* of Enderlin, North Dakota, for plaintiff and respondent.

*Pollock & Pollock,* of Fargo, North Dakota, for defendants and appellants.

BRUCE, J. (after stating the facts as above). We do not very well see how this court can interfere with the judgment and verdict in question without absolutely encroaching upon the province of the jury. We must, indeed, either take the position that the jury is the judge of the credibility of the witnesses and of the basic facts in a lawsuit, or that it is not, and that the jury is the judge of such facts seems to be the universal understanding. If, indeed, there is any evidence in the record which would justify the verdict, we are, in the absence of error

in the instructions and rulings of the court, precluded from interfering therewith.

The first question is whether there is any evidence of an implied agreement that the plaintiff should be paid for her services. The defendants contend that, though a stranger, she was merely a visitor or guest of the family, and that there was no agreement that she should be paid anything for the services which she rendered. Mrs. Johnson, one of the defendants, however, admits that the plaintiff was required to do some work, and as she herself states, "I paid Miss Akin for the services she rendered by getting her clothes and shoes."

The defendants' claim, also, that she was a member of the family, and that, being such, the presumption would be that the services rendered by her would be gratuitous, is absolutely negatived by the counterclaim which treats her as a stranger, and asks for judgment against her for board and clothing furnished to her. It is also disputed by the statement of the defendant Mrs. Johnson, who says, "When this girl was *boarding with me,* I didn't see how I was going to keep her and clothe her for nothing, and not charge her anything for her board; therefore I did intend to charge her for the board for the time she stayed at our house."

Although, too, there is testimony on the part of the defendants in support of their contention, the plaintiff's testimony, if true, discloses an implied agreement at least that she should be paid for her services, and the testimony of both the plaintiff and at least one other witness is that they were reasonably worth the sum recovered by her.

The plaintiff, among other things, testifies that she commenced working for the defendants on or about the 1st of June, 1910, and worked for them for about a year; that she went to work for the defendants *at their request;* that, among other things, she was required to work in the field; that she did chores, such as taking care of horses and milking cows; and that "I asked them for wages, and she said she would pay me some, and she told me once she would give me $4 a week. . . . The reasonable value of my services while I was working for these people at Johnson's was about $3 to $4 a week. Yes, sir, about $4 a week. I don't think that would be any too much. No, sir, not a bit for the work I did."

In addition to this, we find the testimony of one, Chris Peterson,

for whom the plaintiff worked for a short time, that she could do her work the same as any other girl, and that the reasonable pay for like services was from $3 to $4 and up to $5 per week.

This witness was merely speaking of housework, and said nothing as to field work. The defendant Nettie Johnson admits that plaintiff did at least some field work, for some of which they would have had to pay a man $1.75 per day. She adds, "Yes, at the time she was plowing she helped take care of the horses. She was a pretty good girl to be able to do that. She was worth as much as any girl would be around the place. I have paid her for a part of her services in clothing."

There is, in fact, more than a scintilla of evidence to the effect that there was an implied agreement that plaintiff should be paid for her services, and also that her services were worth the amount recovered by her, and such being the case the verdict of the jury must be conclusive.

We realize, of course, that the defendants claim that the clothing furnished the girl was worth $69.49. The plaintiff's testimony, however, is that such clothing was worth less than $15, and it is quite clear from the evidence that a considerable portion of the $69.49 claimed by the defendants was for services in making up the garments, which, if due to anyone at all, is due to the defendants' daughter, who is a dressmaker, and not to them.

It is also claimed that the plaintiff worked for other persons while in the household of the defendants, and was paid by such other persons therefor. It is claimed that this time spent away from the house was approximately three months. It is claimed that the total compensation for a year at $4 per week would be $208, which, with the $2.80 claimed to have been misappropriated, would have been $210.80, and less the $15 for clothing would have been $195.80; that if from this was deducted twelve weeks, for the time spent away from defendants' farm, at $4 per week, namely $48, a balance of $147.80 would be left, while the verdict of the jury was for $169.80, and that the verdict therefore was in any event excessive to the amount of $22. The evidence, however, as to the time that the plaintiff was away from the home of the Johnsons is in conflict. Though the defendants testified that she was away some three months in all, they are not definite in

their testimony, and the plaintiff herself testifies that she was only away some five weeks. The testimony, too, as to $4 per week as a value of the services, would not be conclusive. The witness Chris Peterson, for instance, testifies that the girl *as a household domestic merely* was worth from $3 to $5 per week, but says nothing as to the value of a girl who both helped in the fields and barn and in the house. It, indeed, may very well have been that the jury, in assessing damages, considered the services testified to as having been rendered outside, in the fields and in the barn, and which if performed by a man, (and the defendant Nettie Johnson herself testifies that some of it at least was the same as could and would have been performed by a man at $1.75 a day) would have been worth much more than 58 cents or 67 cents per day, that is to say, more than $4 per week.

The case in short was one for the jury. There was at least some evidence in support of the plaintiff's contention and in support of the verdict, though there is much evidence in support of the defendants' position. The questions involved are questions of fact, and not of law, and are not therefore such as we can pass upon or determine.

The judgment of the District Court is affirmed.