DE PAS, by guardian *ad litem,* Appellant, vs. SOUTHERN WISCONSIN RAILWAY COMPANY, Respondent.

*December 8, 1914—January 12, 1915.*

*Street railways: Injury to person boarding car: Contributory negligence: Evidence: Admissibility: Special verdict: Harmless errors.*

1. In an action for injuries sustained in attempting to board a street car, the evidence being ample to sustain the jury's finding that plaintiff was guilty of contributory negligence, the exclusion of evidence which, even if admissible, could have had only a remote and inconsequential bearing on that question, was not prejudicial error.

2. It was not improper in such case to submit in the special verdict a question as to whether plaintiff ought to have seen that the door of the car was closed before she attempted to board the car—its purpose being to ascertain whether or not she was a passenger when injured; and even if erroneous such submission was not prejudicial, since it could not have influenced the jury in answering the question as to contributory negligence.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to recover damages for injuries alleged to have been sustained by plaintiff in attempting to board one of the defendant's street cars. The complaint alleged that on December 28, 1912, at about 8:25 in the evening, the plaintiff attempted to board one of defendant's cars while it was standing at the terminal at South Madison; that she reached for the handle on the right-hand side of the rear entrance to the car, and as she grasped the handle and was about to step upon the car the motorman, without any notice or warning, started the car suddenly and plaintiff was thrown violently against the right rear door, which door the defendant's employees in charge of the car had closed and allowed to remain closed; that plaintiff held onto the handle, with one knee on the step, and was carried for a distance of about thirty feet, when the car

was stopped. The answer of the defendant denied the allegations of negligence on defendant's part and alleged contributory negligence on the part of the plaintiff. The following special verdict was returned by the jury:

"(1) Did the plaintiff have her foot on the car step and her hand on the car handle before the car started? *A.* Yes.

"(2) Did the car start with a sudden and unnecessary jerk at the time plaintiff was injured which threw her against the rear door of the car? *A.* Yes.

"(3) Was it the general custom to have the right-hand rear door of this type open when the car was ready to receive passengers and while it was in motion? *A.* Yes.

"(4) If you answer questions 2 and 3 or either of them 'Yes,' was the defendant or its agents guilty of want of ordinary care in starting the car or in keeping the right rear vestibule door closed? *A.* Yes.

"(5) If you answer question 4 'Yes,' was such want of ordinary care the proximate cause of injury sustained by the plaintiff? *A.* Yes.

"(6) Was the plaintiff guilty of any want of ordinary care in attempting to board the car which proximately contributed to produce the injury sustained by her? *A.* Yes.

"(7) Ought the plaintiff in the exercise of ordinary care to have seen that the door of the car was closed before she attempted to board the car? *A.* Yes.

"(8) What sum will compensate the plaintiff for the injury sustained by her on the car of the defendant on December 28, 1912? *A.* ——."

Judgment was entered dismissing the complaint, and from such judgment plaintiff appeals.

For the appellant there was a brief by *Welton & Marks,* and oral argument by *C. E. Marks.*

For the respondent there was a brief by *Jones & Schubring,* and oral argument by *E. J. B. Schubring.*

BARNES, J. The appellant argues that the court erred (1) in excluding testimony to the effect that shortly after the accident the conductor stated that if he had been where he

ought to have been the accident would not have happened and that it was his fault; (2) in excluding certain rules of the defendant pertaining to the starting of cars, the handling of bell-cords, and the position to be occupied by conductors; (3) in not holding as a matter of law that the plaintiff was not guilty of contributory negligence; and (4) in including question 7 in the special verdict.

The evidence was ample to sustain a finding of contributory negligence. The first item of evidence was excluded because it was not part of the *res gestæ,* and the second because the complaint did not charge negligence of the conductor. If the very doubtful proposition, that the evidence was proper, be conceded, we do not see how it could have anything more than a remote and inconsequential bearing on the plaintiff's contributory negligence, and she was not prejudiced on this issue by the rulings complained of. This finding being fatal to her recovery, errors committed on the trial of other issues not affecting this one became immaterial. There was no impropriety in submitting the seventh question. Its purpose was to ascertain whether or not the plaintiff was a passenger when injured. If the question was correctly framed, its answer would affect the degree of care which the defendant was bound to exercise. On no theory can we see how the submission of the question could influence the jury in arriving at a conclusion on the contributory negligence of the plaintiff.

*By the Court.*—Judgment affirmed.