# Deshazer v. Cheatham.

(Decided February 14, 1930.)

E. H. GAITHER for appellant.

C. E. RANKIN for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

The appellant, Mrs. Amelia Deshazer, instituted this action in the Mercer circuit court against Mrs. Tracie Cheatham, appellee here, alleging that the appellee through gross carelessness and negligence in driving an automobile on the highway in Mercer county ran the same against plaintiff, knocked her down, and greatly injured her, causing great physical and mental suffering, to her damage in the sum of $500, and also sought to recover the sum of $50 for money alleged to have been spent to employ a physician to attend her in her injuries. The answer traversed the allegations of the petition and by a separate paragraph pleads contributory negligence on the part of plaintiff. The reply traversed the allegations of the answer as to the contributory negligence. On a trial of the case before a jury on the issues thus formed, a verdict for the defendant was returned by nine of the jurors signing same. Whereupon judgment was entered dismissing plaintiff's petition. Plaintiff's motion and grounds for a new trial having been overruled, plaintiff

prosecutes this appeal. The grounds of reversal relied on by the plaintiff as set out in the motion and grounds for a new trial are:

(1) The court instructed the jury contrary to the law.

(2) The court refused to give instructions offered by the plaintiff which were legal and proper.

(3) The verdict of the jury is contrary to the law and the evidence.

There were only two witnesses to the occurrence—the plaintiff, who is the appellant here, and the defendant, who is the appellee. The appellant is 78 years old and left her residence on the east side of the Warwick turnpike to carry a bucket of milk to a neighbor, who lived on the west side of the pike some distance and to the south. The Warwick pike at this point is a narrow road, some 12 or 14 feet wide, rather rough, and not much traveled. The appellant testified in her own behalf, saying: That she came out on the pike, looked up and down the pike, did not see any one, walked across the pike to the west side, was walking along the west side going south, being about 1 or 2 feet from the west edge of the pike, had taken about 6 or 7 steps when appellee in attempting to pass her to the right the automobile fender struck appellant, knocking her down and injuring her. She testified that she heard no horn or other warning, and the first notice she had of the approach of the automobile was when she was struck. She further stated that appellee after striking her passed on down the road some distance, parked her car, came back and helped her up, offering to take appellant to appellee's own home and care for her until she recovered. Appellant preferred to go to her own home, and appellee took her to appellant's home and rendered such aid as she could and assisted in securing a physician.

On the other hand, appellee testifies that on the day of the accident she was traveling along the Warwick pike going south to Harrodsburg; that she was driving a Ford car which she had driven for five or six years and had driven cars even before that; that the car was equipped with a horn and brakes in good condition; that the pike was a scant 12 feet wide; that weeds about waist high had grown up along the edge of the pike; that the first time

she saw appellant or had any notice of her presence on the pike was where the pike made a slight turn down a hill on a tolerably steep grade; that appellee cut off the gasoline and was coasting down this grade not over 10 miles an hour; when she was within 30 feet of appellant she saw appellant standing on the west side of the pike facing eastwardly. The instant appellee saw her, appellee blew her horn and continued coasting down the east side of the pike, which was to her right; that appellant stood there until appellee came within about 12 feet of her, when appellant started across. The appellee did not think the appellant had any intention of crossing, but thought that she would come out 2 or 3 feet and wait for appellee to pass, and did not realize that she was attempting to cross the pike until appellant rushed to the center of the pike, and appellee then was within 4 or 5 feet of her. Appellee stated that she could not go to the left without hitting her; that she did not apply her brakes, but turned her car sharp to the right, across a ditch, and up on a bank and back down in the road. In passing appellant with the right side of her car 2½ or 3 feet on the bank, which was steep and almost turned over, the left fender struck appellant, and set her down in the road; that appellee stopped the car in 12 or 15 feet, got out, and saw appellant was not badly hurt, and not being a proper place to park, drove the car on down to a better place to park, came back, and rendered appellant assistance by taking her to her home and doing what she could to relieve her distress and suffering. Appellee admits on cross-examination that she did not apply her brakes, but tried to avoid striking appellant by turning her car quickly to the right, thus endangering her own life by crossing the ditch. She says that she was within 4 or 5 feet of appellant when she first discovered her real peril and to have turned to the left would have endangered appellant's life by striking her squarely.

Appellant offered an instruction to the effect that when she discovered plaintiff on the side of the pike it was the duty of the appellee to anticipate any action that appellant might have made relative to getting in a dangerous position as to appellee's car and use every precaution necessary to prevent the car from striking the plaintiff, to apply her brakes, and use every means of stopping the car so as to avoid striking plaintiff. The

court refused to give this instruction, and gave the following instructions:

"No. 1. It was the duty of the defendant upon approaching the plaintiff in the roadway, public highway, where the accident occurred, to give reasonable warning of the approach of the automobile she was driving and to use every reasonable precaution to insure the safety of the plaintiff and if you believe from the evidence she failed in any of these particulars, but for such failure the accident would not have occurred, you should find for the plaintiff.

"No. 2. If you find for the plaintiff you should find for her such a sum in damages as will reasonably compensate her, her pain and suffering, if any she endured by reason of the injuries received at the time complained of, and in addition you will find for her a reasonable doctor's bill incurred, not to exceed $24.00, your whole finding not to exceed $524.

"No. 3. If you believe from the evidence in this case that the plaintiff failed to exercise for her own protection from danger the degree of care usually exercised by an ordinarily prudent person of her age, intelligence, and discretion, and by such failure helped to cause and bring about the injuries of which she complains and but for such failure, if any there was, she would not have been injured she would be guilty of contributory negligence, you should find for the defendant.

" 'Reasonable care' and 'reasonable precaution' as meant in these instructions means that degree of care and precaution that an ordinary prudent person would have used under like circumstances and similar conditions."

We are of the opinion that it was not error under the facts in this case for the court to refuse to give the instruction offered by appellant making it the duty of appellee to anticipate the action of appellant. Appellant was an adult person, and although an old woman, she had according to this record full possession of all her faculties, and while she testified that she did not hear the approach of the car, appellee testified that she gave warning of her approach when within 30 feet of her and thought that appellant heard the warning. In Metts'

Adm'r v. Louisville Gas & Electric Co., 222 Ky. 551, 1. S. W. (2d) 985, 987, this court says: "And again where an adult is upon the street in a place of safety but in proximity to the path of an approaching car of which he is aware, if the driver knows this he may assume that the pedestrian will act with reasonable prudence."

Appellant also complains vigorously of instruction as to contributory negligence, and insists that under the facts in this case the jury should be instructed to find for the plaintiff with the proper instruction as to the measure of her damage. On the other hand, appellee contends that plaintiff was guilty of contributory negligence as a matter of law.

Contributory negligence is a question for the jury where there is room for honest difference of opinion among intelligent men as to whether the conduct of the plaintiff was that of an ordinary prudent person when considered in the light of all the facts and circumstances. City of Henderson v. Book, 187 Ky. 612, 219 S. W. 787; C. & O. Ry. Co. v. Salyers, 187 Ky. 144, 218 S. W. 747. We are of opinion that the instructions, except No. 3, given by the court fairly submitted the issues to the jury, and that their verdict is supported by the law and the evidence and should not be disturbed. No. 3 was more favorable to plaintiff than she was entitled to.

The judgment is affirmed.