**GIDEON et al. v. JONES, Adm'x.**

No. 26256. July 6, 1937.

B. B. Blakeney, Hubert Ambrister, W. R. Wallace, and B. B. Blakeney, Jr., for plaintiffs in error.

J. Q. A. Harrod and Laynie W. Harrod, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error, hereinafter referred to as plaintiff, against plaintiffs in error, referred to hereinafter as defendants, for the alleged wrongful death of Lelor Alexander.

After this cause was appealed, Jessie Mae Jones died, and Virgil Alexander, surviving husband of the deceased, has been substituted as administrator.

The action was originally commenced against Roy Gideon and Magnolia Petroleum Company.

Later, and by an amended petition, the Magnolia Pipe Line Company was made a party defendant.

The substance of the amended petition upon which the cause was tried is that defendant Gideon was the employee of defendant corporations and each of them, and while so employed he negligently, recklessly, and wantonly drove a small automobile or truck owned by said companies along and upon a public highway going south near Witcher, Okla., so that plaintiff's decedent, Lelor Alexander, who was walking north along said highway was struck by the automobile and killed. It is charged that negligence consisted in operating said truck at a high rate of speed, approximately 50 miles per hour; failing to sound a horn or give any warning of approach; failing to slow down as deceased was approached. The particular manner in which the truck was allegedly negligently handled and the alleged conditions prevailing at the time and place where deceased was struck and injured were pleaded at length. The deceased left surviving her, Virgil Alexander, her husband, and one adult child.

Damages in the first cause of action, for the death were prayed for in the sum of $10,000.

In a second cause of action, damages were sought because of conscious pain and suffering, in the sum of $10,000, and the further sum of $50 was sought for hospital, nurse, and medical attention, and $500 for funeral expenses.

Defendants answered separately by general denials and pleas of contributory negligence.

Defendant Magnolia Pipe Line Company admitted that defendant Roy Gideon was its employee during the month in which the injury occurred.

The cause was tried to a jury, resulting in a verdict and judgment for $5,000 under the first cause of action, and for $500 under the second cause of action, expressed in the verdict as "For funeral expenses and conscious pain and suffering."

Defendants filed motion for new trial, setting up irregularity of the proceedings of the court, of the jury, and of the plaintiff, misconduct on the part of plaintiff, excessive damages, insufficient evidence; that the verdict is contrary to law and in disregard of the court's instructions; errors of law occurring at the trial; error of the court in overruling the demurrer to plaintiff's evidence; error in overruling defendants' motion for instructed verdict; error in refusing offered instructions, and error in giving instructions numbered 4 to 12, inclusive.

The petition in error sets out 23 assignments of error, but the only questions presented in the brief are that the verdict is excessive, and that the verdict is not reasonably supported by the evidence.

The contention that the verdict is not supported by sufficient evidence is entirely untenable as to defendant Roy Gideon.

There is evidence tending to show that Lelor Alexander was a negro woman about 50 years old, who lived a short distance south of the town of Witcher. On the evening of December 22, 1933, shortly after dark, she was walking along the graveled highway going to Witcher. The gravel part of the highway was about 40 or 42 feet wide. A few hundred feet south of where the railroad tracks cross the highway at Witcher there is a small culvert on the highway. A short distance south of this culvert an automobile with two persons in it passed deceased going north; she was then walking north along or near the east side of the gravel on the highway. Just about the time this automobile had crossed the culvert the truck driven by Gideon came from the north driven at a rate of from 35 to 50 miles per hour. Its lights were on and the truck appeared to be swaying from side to side. After meeting the automobile going north the truck crossed the culvert and then swung or "skidded" across the highway and struck deceased, and turned almost half around. When it stopped it was headed in a northeasterly direction with the right front wheel off of the grade and in the ditch, Plaintiff's decedent was lying a few feet south of the truck mortally wounded. Her head was to the northeast, and near the east side of the graded part of the highway. As the accident occurred a third automobile was

'approaching from the south driven by a negro ex-convict named William Pierro. He testified that he saw the accident, and that just before the truck struck deceased she was walking north near the east side of the highway, but that he could not see her 'at the instant she was struck.

There is evidence that as Pierro approached Gideon signaled for him to stop by waving his hand. Gideon requested Pierro to phone for an ambulance, which he did. The ambulance arrived in about 30 minutes, and deceased was taken to the hospital in Oklahoma City, where she died a short time thereafter as a result of her injuries. She appeared to be conscious a part of the time.

Before the 'ambulance arrived a number of persons were attracted to the scene of the accident. A number of these testified; some on behalf of plaintiff and some on behalf of defendants. There is conflict in the evidence as to what appeared to be the physical facts. If the evidence of the negro Pierro is to be believed, then there is ample evidence of negligence on the part of Gideon. Pierro's testimony is bitterly assailed, and there is considerable evidence tending to impeach him in part, including a written statement he signed a few days after the accident. But he is corroborated in much of his testimony by the evidence of other disinterested witnesses, and certain physical facts as to where the shattered glass from the door of the truck lay upon the ground near the east side of the highway.

The jurors were justified in believing the witness Pierro as against the testimony of the defendant Gideon, wherein their testimony was in conflict, 'at least to the extent the testimony of Pierro was corroborated by other credible witnesses and the physical facts.

There is ample competent evidence to sustain the verdict as to defendant Gideon.

As to defendant Magnolia Pipe Line Company, it is practically admitted by it in its answer that Gideon was its employee at the time. It is not clear whether the truck was owned by the Pipe Line Company or the Magnolia Petroleum Company. The evidence is rather meager as to whether at the time of the accident Gideon was on any mission of his employer or was acting within the scope of his employment. This does not appear to have been a contested question at the trial. Gideon was returning the truck to Oklahoma City and had just finished a trip to or through Chandler in connection with his employment.

Under the record as a whole, we are not inclined to disturb the verdict as to the Pipe Line Company.

There is practically no evidence in the record tending to show the alleged close relationship between the Magnolia Pipe Line Company and the Magnolia Petroleum Company, or that the one was acting as agent for the other, or that the two were carrying on the same business. The record does disclose that the investigation of the matter on behalf of the defendants was made by the claim agent or employee of defendant Magnolia Petroleum Company. There is not sufficient evidence to sustain the verdict against the Magnolia Petroleum Company, and its motion for a directed verdict should have been sustained.

The contention that the verdict and judgment is excessive cannot be sustained. Five thousand dollars for the death of Lelor Alexander, a colored housewife, of the age of about 50 years, may be considered liberal, but we cannot say as a matter of law under the circumstances that it is so excessive as to indicate passion and prejudice. Five hundred dollars for conscious pain and suffering is by no means excessive.

The judgment is reversed as to the Magnolia Petroleum Company and affirmed as against defendants Gideon and the Magnolia Pipe Line Company.

OSBORN, C. J., and BUSBY, WELCH, CORN, GIBSON, and HURST, JJ., concur.