[File No. 6566.]

PEARL BRATVOLD, Respondent, v. OLAF P. LALUM, Appellant.

(282 N. W. 514.)

Opinion filed November 29, 1938.

*F. T. Cuthbert,* for appellant.

*Sinness & Duffy,* for respondent.

Morris, J. This suit results from an automobile accident which occurred at about 11 o'clock P. M., January 9, 1937 some two and one-half miles south of Harlow, North Dakota on State Highway No. 30. The accident resulted in the death of one Albert O. Bratvold, whose widow is the plaintiff in this action. The case was tried to a jury which was unable to agree upon a verdict. At the close of the testimony, the defendant moved for a directed verdict, and after the jury had failed to agree, the defendant, upon motion duly noticed, moved for judgment notwithstanding the verdict. This appeal is taken from the order of the trial court denying this motion.

The defendant contends that he was entitled to a directed verdict at the time his motion therefor was made, and that the jury having failed to agree, the trial court erred in refusing to enter judgment for the defendant upon his motion for judgment notwithstanding the verdict. The procedure is not questioned by the respondent. The question presented to us by this appeal is whether the defendant was entitled to a directed verdict at the time the motion therefor was made at the close of the testimony. If he was entitled to a directed verdict he was also entitled to have judgment entered notwithstanding the disagreement of the jury. The consideration of this question requires an examination of the evidence.

On the afternoon and evening preceding the accident, the deceased

together with one John Ellingson, was in Devils Lake on business. They drank a quantity of alcoholic liquor before starting home. They lived at Harlow which is about twenty miles from Minnewaukan. On the way home they stopped at Minnewaukan where Ellingson transacted some business and Bratvold drank more liquor. From the evidence it is clear that Bratvold was intoxicated before they left Minnewaukan. As they approached Harlow the automobile failed to function properly and finally stopped as they were going up a hill about three miles south of the town. After trying unsuccessfully to start the car, Ellingson, who was driving, let it coast backward down the hill. After it had gone a short distance it ran off the road into the ditch. Ellingson and Bratvold abandoned the car and started to walk south to a farmhouse, but seeing no light they turned around and started north on the highway toward Harlow. They walked past their own car and saw the reflection of the lights of a car coming from the north. Ellingson walked ahead and on the west shoulder of the highway. Bratvold walked six or eight feet back of him. As they walked along they talked about hailing the approaching car. It came down the west side of the highway and seemed to be slowing down as it neared the pedestrians. As it passed Ellingson the car appeared to be about in the center of the road. Then Ellingson heard a thump and turned around and saw the car in the ditch on the east side of the highway. Ellingson ran over to the car as some of the occupants got out. Bratvold had been hit and was underneath the front bumper. He was either dead or died a few minutes thereafter. The occupants of the car were the defendant, Olaf P. Lalum, the owner and driver, his brother, Albert Lalum, who lives on a farm with Olaf about five and one-half miles southeast of Harlow, and Andrew Olson, their hired man. They had left Harlow about 11 o'clock that night in a 1936 Pontiac sedan that had been driven five or six thousand miles. The brakes and lights were in good condition, although there is testimony to the effect that the left front brake did not work properly after the accident. Before reaching the point where the accident occurred, they drove up a hill. At the top of the hill they were travelling about forty to forty-five miles per hour. The south slope of the hill is not steep. It consists of several rises with short stretches between that are practically level. The accident occurred at the south end of one of these levels approxi-

mately 450 feet in length. The road at this point curves slightly to the east and back again to the section line. The road was somewhat icy. As they entered the curve the defendant saw Ellingson first and then Bratvold. They were walking along the west shoulder of the highway. Bratvold stepped out into the highway waving his hands. He then stepped back toward or near to the west shoulder and then walked east across the highway again still waving. The defendant was driving on the west side of the highway when he first saw Bratvold and Ellingson. The defendant turned to his left or to the east to get by Bratvold, who also kept on going east across the highway with the result that the car struck him on the east shoulder of the highway and continued on for sixty-five feet into the east ditch. The defendant applied his brakes but did not set them hard fearing loss of control of the car because of the icy road. Measurements showed that the brakes had been applied one hundred feet before the impact.

The motion for a directed verdict presented two questions: First, do the facts establish negligence on the part of the defendant, and second, if the defendant was negligent, was the deceased also negligent in such a manner that his negligence proximately contributed to his death? Both of these questions are questions of fact which must be left to the jury unless the evidence is such that only one conclusion can reasonably be deduced therefrom. State ex rel. Brazerol v. Yellow Cab Co. 62 N. D. 733, 245 N. W. 382; Logan v. Schjeldahl, 66 N. D. 152, 262 N. W. 463. If, however, the facts and circumstances are such that only one inference can fairly and reasonably be drawn therefrom with respect to either the negligence of the defendant or the contributory negligence of the deceased, the matter then becomes a question of law to be decided by the court. Cameron v. Great Northern R. Co., 8 N. D. 124, 77 N. W. 1016; Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Krause v. Wilton, 40 N. D. 11, 168 N. W. 172; Dougherty v. Davis, 48 N. D. 883, 187 N. W. 616; Martin v. Parkins, 55 N. D. 339, 213 N. W. 574; Haugo v. Great Northern R. Co. 27 N. D. 268, 145 N. W. 1053.

As a general proposition it may be said that where a person driving an automobile at night observes persons walking along the public highway, it is the duty of the operator to manage it so as to avoid injuring the pedestrians if it is reasonably possible to do so, and the

failure to use reasonable care to avoid such injury constitutes negligence on the part of the driver. Gideon v. Jones, 180 Okla. 621, 70 P. (2d) 814.

Whether either the defendant or the deceased was negligent must be determined with reference to standards of conduct prescribed by law. Clark v. Feldman, 57 N. D. 741, 224 N. W. 167. The plaintiff contends that the evidence is sufficient to warrant a jury in finding that the negligence of the defendant was the proximate cause of the accident. Among several reasons assigned the most potent is the fact that there is evidence from which a jury might determine that the defendant applied his brakes about one hundred feet before striking the deceased, yet carried him sixty-five feet further before the automobile came to a stop in the ditch. The road was icy. The defendant was driving down grade and around a slight curve. From the facts here presented we cannot say, as a matter of law, that the defendant was not negligent in the manner in which he operated his automobile at the time of the accident.

We now come to the question of whether or not the record discloses that as a matter of law the deceased was guilty of negligence which contributed proximately to his death. If that question be answered in the affirmative, the plaintiff cannot recover despite any negligence of the defendant.

Both Ellingson and the deceased when first seen by the defendant were walking along the west shoulder on the road in a place of safety and toward the defendant's approaching car. The defendant had a right to assume that the pedestrians would remain in the place of safety until the car had passed and that neither would step directly into a place of danger. Bishard v. Engelbeck, 180 Iowa, 1132, 164 N. W. 203; Borland v. Lenz, 196 Iowa, 1148, 194 N. W. 215; Faatz v. Sullivan, 199 Iowa, 875, 200 N. W. 321; Klink v. Bany, 207 Iowa, 1241, 224 N. W. 540, 65 A.L.R. 187; Shelley v. Waguespack, 156 La. 256, 100 So. 417. The operator of a motor vehicle is not bound to anticipate that persons not in the lane or path of travel will suddenly and unexpectedly place themselves therein, where the pedestrian is obviously aware of the approach of the vehicle. Klink v. Bany, 207 Iowa, 1241, 224 N. W. 540, 65 A.L.R. 187, supra; Deshazer v. Cheatham, 233 Ky. 59, 24 S. W. (2d) 936; Watson v.

Lit Bros. 288 Pa. 175, 135 A. 631. The duty of exercising reasonable care for their own safety and the safety of others was a reciprocal duty resting alike upon the driver and the pedestrians. 2 Blashfield Cyc. of Auto. Law & Pr. § 1241. Under the circumstances here presented the deceased should have used such care for his own safety as a reasonably prudent man would exercise under the same circumstances. Huddy, Cyc. of Auto. Law, 9th ed. § 74. The automobile was coming down grade on an icy road at night. The deceased left his place of safety and stepped out on the slippery highway in front of the on-coming car waiving his arms, undoubtedly with the intention of persuading the driver to stop. This, it would seem to us, was an act which no prudent man would do and if not reckless was at least negligent. Such conduct constitutes contributory negligence as a matter of law which was a proximate cause of the accident.

The following cases while not wholly in point as to facts hold that recovery by a pedestrian in an action against the driver of an automobile is barred by the pedestrian's contributory negligence which in most of these cases is less flagrant than that of Bratvold. Ude v. Fuller, 187 Mich. 483, 153 N. W. 769; Bosma v. Daniels, 250 Mich. 261, 230 N. W. 199; Chase v. Thomas, 7 Cal. App. (2d) 440, 46 P. (2d) 200; Cumberland Grocery Co. v. Hewlett, 231 Ky. 702, 22 S. W. (2d) 97; Webb–Pepploe v. Cooper, 159 Md. 426, 151 A. 235; Rhoads v. Herbert, 298 Pa. 522, 148 A. 693; Frazier v. Stout, 165 Va. 68, 181 S. E. 377; Kroehler v. Arntz, 197 Wis. 195, 221 N. W. 727.

Counsel for the plaintiff realizing, no doubt, the danger to his case which this matter involves, seeks to meet the defense of contributory negligence. He argues that Bratvold being dead and therefore unable to testify, the presumption of law is that he exercised ordinary care, supporting his contention by the citation of Kunkel v. Minneapolis, St. P. & S. Ste. M. R. Co. 18 N. D. 367, 121 N. W. 830. He admits that the presumption does not prevail if there is credible positive testimony as to the conduct of the deceased. Lindloff v. Duecker, 217 Iowa, 326, 251 N. W. 698; Richardson v. Williams, 249 Mich. 350, 228 N. W. 766; Hausken v. Coman, 66 N. D. 633, 268 N. W. 430. He then attacks the credibility of the testimony of the defendant, his brother, Albert Lalum, and the hired man, Andrew Olson, upon the

ground that it would have been impossible for the deceased to have stepped out into the highway six or eight feet and back to the west shoulder and out into and across the highway between the time he was first sighted and the time of the impact. Thus he argues that the physical facts destroy the credibility of their testimony.

The three occupants of the car are in substantial agreement as to the deceased's conduct, although the distance at which he was first seen varies from forty to about one hundred feet. It seems clear from measurements made after the accident that the driver first applied his brakes about one hundred feet from the point of impact. The testimony concerning the rate of speed of the car and time and distance are only approximate. They deal with matters concerning which the witnesses gave estimates based upon their best judgment. However, the testimony is positive as to the fact that the deceased stepped from his place of safety in front of the on-coming car waving his arms, and that the driver immediately applied the brakes and swerved the car in a vain attempt to avoid the accident. This testimony is corroborated circumstantially by the evidence of Ellingson and the marks in the road. Both the pedestrians were walking along the west edge of the highway and talking about hailing the on-coming car. Ellingson remained on the west side unaware of the impending accident. The first knowledge he had of it was when he heard the noise of the impact, which took place on the east side of the highway. The deceased had left his place of safety and crossed the highway in front of the on-coming automobile. This fact is conclusively established by evidence aside from the testimony of the occupants of the car. It is entirely reasonable that he attempted to do what the two men had previously discussed, that is, tried to hail the car, and in so doing, placed himself in its path, with the result that the driver was unable to avoid the accident. The conclusions presented by this record are inescapable that the deceased was negligent and that his negligence contributed proximately to his death.

Reversed.

CHRISTIANSON, Ch. J., and SATHRE and NUESSLE, JJ., and Mc-KENNA, Dist. J., concur.