DON ROBERT SCHNOOR, a Minor, by Father and Guardian Ad Litem, Edward C. Schnoor, Appellant, v. BERNARD F. MEINECKE, Arthur C. Johnson and Oliver P. Stoutland, Partners, Doing Business Under the Partnership Name of Meinecke-Johnson, Respondents, and State of North Dakota, Doing Business as the North Dakota Workmen's Compensation Bureau, Intervenor and Respondent.

(40 NW2d 803)

Opinion filed Jan. 10, 1950.    Rehearing denied Jan. 21, 1950

*Lanier & Lanier,* for appellant.

*Nilles, Oehlcrt & Nilles,* for respondents, *Wallace E. Warner,* Attorney General, *P. B. Garberg* and *Bernard C. Lyons,* Assistant Attorneys General, for intervenor and respondent.

MORRIS, J. This is an action for personal injuries received by the plaintiff on September 19, 1947 while engaged in construction work as an employee of the defendants. The defendants have complied with the North Dakota Workmen's Compensation Act and were entitled to all of the benefits conferred upon and protection afforded to an employer by that statute. Upon a previous appeal reported in 75 ND 768, 33 NW2d 66, we held that the complaint stated a cause of action.

The plaintiff contends that at the time of his employment and injury he was a minor under sixteen years of age, that he was injured while employed in violation of Section 34-0716, RCND 1943, that by bringing this action he has elected to proceed against the defendants for the recovery of damages and that the defendants are not entitled to the protection afforded employers by the Workmen's Compensation Act, because of the exception contained in Section 65-0428 RCND 1943.

The defendants contend that the plaintiff is not entitled to maintain this action because he was at the time of his employment and injury sixteen years of age and that if he was under sixteen he elected to claim the benefits of the Workmen's Compensation Act by filing a claim for compensation and accepting benefits under the act and further that he is barred from maintaining this action because at the time of his employment he represented himself to be over sixteen years of age and that the defendants relied upon this representation and employed the plaintiff in good faith.

At the conclusion of the testimony and instructions the trial court submitted to the jury forms for a general verdict together with a special interrogatory on the age of the defendant. The jury found against the plaintiff in the general verdict and answered the special interrogatory as follows.

"Q. What was the age of the plaintiff, Don Robert Schnoor, at the time of the accident occurring on September 19, 1947?

A. 16 years of age."

The plaintiff had moved for a directed verdict at the close of the evidence and now appeals from a judgment entered pursuant to the verdict. The plaintiff challenges the sufficiency of the evidence to support the jury's answer to the special interrogatory concerning his age and further asserts that the court erred in his instructions to the jury regarding the age of the plaintiff. These two matters will be considered together. They are of vital importance in this controversy because it is obvious from the record that the verdict for the defendants rested upon the determination by the jury that the plaintiff was sixteen years of age at the time of his injury, and therefore, not entitled to maintain the action.

The plaintiff testified that he was born October 3, 1931 which would make his age at the time of his injury fifteen years eleven months and sixteen days. His testimony as to the date of his birth is corroborated by that of his father and his mother. He also introduced in evidence without objection as to its foundation a certified copy of his birth record as shown by the records of Becker County, Minnesota, which gives his place of birth as the City of Detroit Lakes and the date thereof as October 3, 1931.

The witness, Oliver Stoutland, a partner in the defendant firm, testified that he hired the plaintiff on the morning of September 12, 1947, that the plaintiff came to the witness' office accompanied by his brother Eddie Schnoor, who had been employed by the defendants for some time. The witness asked the plaintiff how old he was and he replied that he was seventeen. The witness also states that the plaintiff was larger than his brother Eddie who was eighteen or nineteen years of age. The brother does not testify in the case.

After his injury the plaintiff received medical treatment at the Dakota Clinic. A Mrs. Olson who was employed in the clinic office testified that on October 24, 1947 she filled out a document which is addressed to the North Dakota Workmen's Compensation Bureau and designated as "First notice of injury

and preliminary application". This document contains a number of questions and answers. The witness says "In order to get the form complete I questioned the patient and put the answers down on the typewriter as I received the answers." The answer as to his age was the figure that she put down on the report. His answer is shown on the document to be seventeen. At the bottom of this document appears "Affidavit of Injured Person" to the effect that the injured person makes affidavit that the facts in the application for claim for injury are true of his own knowledge. On the line designated "Signature of person making the affidavit" is the handwritten name "Don R. Schnoor". Mrs. Olson also states that she thinks she gave the application to the plaintiff along with a report that was to go to the defendants. The affidavit purports to have been sworn to before Ellen M. Anderson, a notary public whose signature and seal appears thereon. The notary testified that the affidavit was signed freely and voluntarily by the plaintiff in the notary's presence. The application bears a stamp showing that it was received by the Workmen's Compensation Bureau on November 14, 1947. The plaintiff denied that he signed the application and later stated that he did not recollect having signed it. Upon cross-examination the plaintiff first denied that he told the witness Stoutland that he was seventeen years old and upon being pressed further stated that he might have made that statement.

The plaintiff was present in court. The jury had an opportunity to observe his physical appearance. The case was tried in December 1948 and the plaintiff testified that he was about an inch shorter at the time of his employment than he was at the time of trial. The record does not show his height. He also testified that at the time he took the job he weighed about 145 pounds. In Jones on Evidence, 2nd Edition, page 2548 it is said, "But, when age is an issue, the jury may take into consideration the appearance of the person as seen in court. . . . . It is hardly necessary to add that in case of conflicting testimony a court or jury may consider the appearance of the person whose age is in question in connection with other evidence."

Wigmore on Evidence, 3rd Edition, Sec 222, says, "Experience teaches us that corporal appearances are approximately an in-

dex of the *age* of their bearer, particularly for the marked extremes of old age and youth. In every case such evidence should be accepted and weighed for what it may be in each case worth. In particular, the *outward physical* appearance of an alleged minor may be considered in judging his *age*; a contrary rule would for such an inference be pedantically over-cautious." See also Section 1154.

The question of the credibility of witnesses is for the jury. Gunder v. Feeland, 51 ND 784, 200 NW 909; Ignatowitch v. McLaughlin, 66 ND 132, 262 NW 352, under the evidence in this case the jury could properly determine that at the time of his employment he stated he was seventeen years of age and that after his injury in connection with his application to the Workmen's Compensation Bureau he swore that he was seventeen years of age. These statements together with the plaintiff's physical appearance constitute the evidence upon which the jury made its finding that he was sixteen years of age at the time of the accident. On the other hand the jury had before it the testimony of the plaintiff and his parents. The credibility and weight of this testimony was within the jury's province.

The certified copy of plaintiff's birth record in Becker County, Minnesota, is not conclusive. We presume that the law of Minnesota is the same as our own. Sec 31–1103 Par 39 RCND 1943. In this state a properly authenticated record of birth is admissible in evidence as prima facie evidence of the facts therein stated and the record in question is entitled to be given the same weight and consideration. Sec 23–0240 RCND 1943. See also State v. Nagel, 75 ND 495, 28 NW2d 665.

"Prima facie evidence means sufficient evidence upon which a party would be entitled to recover, providing his opponent produced no further testimony." Peters v. Lohr, 24 SD 605, 124 NW 853.

In a criminal case, State v. Momberg and Bauer, 14 ND 291, 103 NW 566, this court held: "that by prima facie evidence is meant competent evidence, and evidence which is legally sufficient to justify the jury in finding the fact of unlawful sales, provided it satisfies them beyond reasonable doubt, but not otherwise. It is not conclusive, and to so instruct is error."

The plaintiff contends that he was entitled to a directed verdict at the close of the case. The jury was the trier of the facts.

"On an appeal from a judgment on the grounds that the court erred in failing to direct a verdict the only question presented to this court for review is the sufficiency of the evidence to sustain the verdict, regardless of conflicting testimony. In determining this issue the court must adopt that view of the evidence which is most favorable to the opposing party." Taylor v. Minneapolis, St. Paul and S. Ste. Marie Railway Co., 63 ND 332, 248 NW 268; Froemke v. Otter Tail Power Company, 68 ND 7, 276 NW 146.

"Where the evidence is in conflict and reasonable men might draw different conclusions therefrom, this court on appeal will disturb neither the verdict of the jury based on such evidence nor the order of the trial court denying a motion for new trial where the sole ground of attack is that the evidence is insufficient to sustain the verdict." Gunder v. Feeland, 51 ND 784, 200 NW 909.

"The weight of the evidence was for the jury. Where there is a conflict in evidence, the judges may not substitute their judgment on the weight of evidence for that of the jury." Rott v. Provident Life Insurance Co., 70 ND 758, 298 NW 17.

The jury has resolved the question of plaintiff's age in favor of the defendant. It was primarily its province to do so. There is a conflict in the evidence and the jury had the opportunity to observe the plaintiff in person and about the courtroom and on the witness stand. This court will not override the jury's resolve and will not disturb its verdict on the ground that the evidence is insufficient to sustain it.

The appellant challenges the trial court's instructions to the jury with reference to the appellant's age and rulings on evidence concerning his statements as to his age when he applied for work and in his sworn application to the Workmen's Compensation Bureau. The court instructed the jury that the plaintiff's age at the time of the accident could be proved by his own admissions, if any, and by other competent and creditable evidence. And further instructed that the birth certificate which had been admitted in evidence was not conclusive in proving the

plaintiff's age. No instructions as to age were requested by the plaintiff. The Court summed up his instruction by stating: "It is for you, members of the jury, to weigh all of the evidence introduced and determine the fact of the age of the plaintiff in the light of all of the facts and circumstances proved in this case."

The plaintiff at the outset of the testimony testified as to his own age. This testimony was competent and admissible. The evidence as to his previous statements on the same subject were likewise competent and admissible. The instruction regarding the birth certificate is a correct statement of the law. The court did not err in his instructions regarding the plaintiff's age, nor in his rulings on the admission of evidence regarding the plaintiff's prior statements.

The plaintiff also challenges the following instruction: "You are further instructed that the plaintiff, Donald Robert Schnoor, has the burden of proof to prove by a fair preponderance of the evidence that he was under sixteen years of age at the time of the accident, which, it is undisputed, occurred on September 19, 1947. If you find that he has failed to substantiate the burden of proof in that regard, then I charge you as a matter of law that he cannot recover in this case and you should bring in a verdict of dismissal in favor of the defendants."

The evidence is undisputed that the defendants had complied with the Workmen's Compensation Act and had paid their premiums to the Bureau. Section 65–0108 RCND 1943 provides that: "An employer securing the payment of compensation to his employees by contributing premiums to the fund shall be relieved thereby of all liability for personal injuries or death sustained by his employees, and the persons entitled to compensation under the provision of this title shall have recourse only to the fund and not to the employer."

Section 65–0428 RCND 1943 stated that: "Employers who comply with the provisions of this chapter shall not be liable to respond in damages at common law or by statute for injury to or death of any employee, wherever occurring, during the period covered by the premiums paid into the fund. This section, however, shall not apply in the case of a minor employed in violation

of law, and either remedy shall be applicable in behalf of any such minor." This section was amended by Chapter 354, Session Laws ND 1949.

Section 34–0716 RCND 1943 prohibits the employment of a minor under the age of sixteen years in construction work of any kind. The plaintiff was injured while engaged in construction work. If he was under sixteen years of age at the time of the injury he was being employed in violation of law and he may elect to sue his employer for damages rather than claim the benefits of an employee under the Workmen's Compensation Act. He contends that he was under sixteen years of age and that he has by bringing this suit elected to maintain an action for damages. Thus his age is a vital issue and goes to his right to maintain the action. The instruction complained of was a correct statement of the law and a proper instruction upon one of the vital issues of the case.

The trial court in addition to submitting to the jury a general verdict, required the jury to determine the age of the plaintiff at the time of the accident and they found him to be sixteen years of age. The submission of such interrogatories is provided for by Section 28–1503 RCND 1943 and Chapter 222 SLND 1945. Several defenses were raised by the defendants' answer. But if the issue of age was resolved in favor of the defendants the other defenses became wholly immaterial. It was not only proper but highly commendable for the court to require the jury to determine the plaintiff's age by a special interrogatory.

"So where in an answer separate defenses are properly pleaded, it is sound policy to require that, if a verdict is rendered for the defendant, it shall state upon which of the defenses it is based." Ziman v. Whitley, 110 Conn 108, 147 Atl 370.

The finding on the issue of age: "Had the effect of eliminating as immaterial all other contested issues; hence alleged errors predicated upon the court's action with reference thereto need not be considered." Hedderich v. Hedderich, 18 ND 488, 123 NW 276.

Where it clearly appears from interrogatories submitted to and answered by the jury that a general verdict was rendered solely upon an issue submitted to the jury without error, other

specifications dealing with alleged errors pertaining exclusively to other issues need not be considered. Moore v. Waterbury Tool Co., 124 Conn 201, 199 Atl 97, 116 ALR 564; Leonard v. Gambardella, 120 Conn 445, 181 Atl 542; City of Baraboo v. Excelsior Creamery Co., 171 Wis 242, 177 NW 36; DePas v. Southern Wisconsin R. Co., 159 Wis 306, 150 NW 408. See also Mundon v. Greenameyer, 44 SD 440, 184 NW 257. In accordance with the foregoing rule we will not consider the remaining specifications of error of the plaintiff with the exception of those pertaining to the intervention of the Workmen's Compensation Bureau.

The State of North Dakota through its attorney general and acting in its sovereign capacity for the North Dakota Workmen's Compensation Bureau and the Workmen's Compensation Fund made an application for intervention herein. The trial court, by ex parte order, granted the State the right to intervene. Subsequently the plaintiff moved to vacate the order allowing the intervention and this motion was denied. The denial is specified as error.

Intervention may be permitted under Section 28–0219 RCND 1943, which provides: "Upon timely application before trial, anyone who has an interest in the subject matter of the litigation or in the success of either party, or an interest against both parties to an action or proceeding, may intervene therein."

The plaintiff challenges the right of the State to intervene because of its lack of interest in the action. A preliminary application for compensation had been received by the Bureau upon which action was taken to pay the first emergency allowance and also a drug and a hospital bill. These bills were paid. This suit involved the validity of the application, the action taken thereon, and the payments thereunder.

The Workmen's Compensation Bureau is an agency of the State. It acts in an administrative and also a quasi judicial capacity in the administration of the Workmen's Compensation Law. The Bureau consists of three commissioners. One of whom is a representative of labor, one a representative of the public, and one a representative of the employers. Section 65–0201 RCND 1943. It is a public body whose competency in the

field of employer-employee relationships is not wholly in the interest of employees. Its prime function is the just and fair administration of the Workmen's Compensation Law. Where the administration of that law is involved the Bureau is not compelled to assume the role of a mute bystander while its determinations are being subject to an oblique attack. In this action it sought to intervene in behalf of the validity of the action it had taken and the payments it had made. The trial court did not err in permitting such intervention.

The plaintiff also claims that the assistant attorney general who was acting for the Bureau made an improper and highly prejudicial argument to the jury when he stated: "This case is being tried under the Workmen's Compensation Law."

We find no prejudice in this statement, particularly in view of the fact that the controlling issue of age was resolved by the jury in favor of the defendant. It may be also pointed out that the questioned argument was not called to the attention of the court at the time it was made and no opportunity was given to the trial court to rule thereon or instruct the jury with regard thereto.

We reach the conclusion that the evidence is sufficient to sustain the verdict of the jury which was rendered without taint of prejudicial error. The judgment is affirmed.

NUESSLE, C. J., and CHRISTIANSON, GRIMSON and BURKE, JJ., concur.