## STADICK v. OLSON'S HARDWARE.

### No. 7378.

Supreme Court of North Dakota.

May 7, 1954.

Robert Vogel, Garrison, for plaintiff and respondent.

John E. Williams, Washburn, Milton K. Higgins, Bismarck, for defendants and appellants.

MORRIS, Chief Justice.

This is an action to recover damages for personal injuries resulting from an explosion of propane gas in plaintiff's residence that occurred about two o'clock in the morning of September 26, 1949. The jury returned a verdict of $750 in favor of the plaintiff. The defendants made a motion for a directed verdict at the close of the case, which was denied. Later the defendants moved for a judgment notwithstanding the verdict or in the alternative for a new trial. The sole ground for the motion

was that the evidence was not sufficient to support the verdict. From an order of the district court denying this motion, the defendants appeal.

The only specification of the insufficiency of the evidence that the defendants have set forth is that

"said verdict is against the law for the reason that there is no evidence whatsoever showing any negligence on the part of the defendant co-partners which was the proximate cause of the injuries to the plaintiff."

Thus on this appeal there is presented as a challenge to the verdict of the jury but one single narrow question.

At the time of the accident the plaintiff and his wife resided in a two room cabin in Borchardt's Addition to the Village of Underwood. The rooms were one above the other, a combined kitchen and living room downstairs, with the bedroom above. The plaintiff purchased from the defendants a stove fueled with propane gas that was installed by them on August 23, 1949. The work of installation was performed by defendants' employee Tony Stockert. The stove had four burners on top with an oven containing one burner below. There were two pilot lights on top, each of which would light two burners. There was no pilot light in the oven. The fuel was contained in a heavy steel bottle that confined it under pressure. Connected with the bottle was a regulator valve that could be set to release the gas at the proper pressure, which in this case was six ounces per square inch. A soft type copper tube extended from the regulator to the stove through the wall of the building. This tube was connected with the stove and the regulator by brass fittings. As the gas passed through the regulator it was mixed with air to make it properly combustible in the stove. In addition to selling the stove the defendants also sold the bottle gas and performed the service of connecting the bottle with the system.

The plaintiff and his wife slept in the bedroom upstairs. About two o'clock in the morning of September 26, 1949, the plaintiff was wakened by a noise that sounded like air escaping. It came from down in the kitchen. The plaintiff went downstairs, where the noise seemed to be coming from behind the stove. He turned on the light and looked at the stove but could see nothing wrong. He checked the burner controls and they were off. He opened the oven door and "it blew up." The plaintiff was injured by the explosion. The building was partly wrecked, and a fire was started in a daybed and in curtains over a window. Previous to the explosion the plaintiff had on three occasions called the defendants to remedy defects in the operation of the stove or system. The first two times were because the pilot lights were not functioning properly. The third time was because the system was leaking gas outside the house between the regulator and the building. The plaintiff first smelled gas escaping from that leak and then he could hear it. He called a neighbor who also smelled and listened to it. The plaintiff turned the regulator off and called the defendants. Mr. Stockert brought up another bottle of gas and fixed the leak but after that it did not work too satisfactorily. This was about five days before the explosion.

The plaintiff's wife was asleep when the explosion occurred and was awakened by the outcry of her husband. In the excitement she jumped to the floor below from part way up the stairs and injured her foot. She corroborates her husband as to the difficulty they had had with the stove. She had not used the stove since getting breakfast the day before the explosion took place. Before retiring the night before the explosion she checked the burner and oven valves and all were turned off.

During the afternoon following the explosion Stockert checked the equipment and did not find any of the controls turned on.

The witness Scheer came on the scene three or four minutes after the explosion. From a distance of some thirty feet he heard the sound of escaping air or gas and

immediately walked over and shut off the valve at the top of the bottle. The noise stopped immediately.

The installation outside of the house violated four rules of the state fire marshal—the gas container was less than sixty inches from a window, there was no hood or lock to prevent tampering with the regulator, the tank was not placed upon a fireproof base, and the unit was attached directly to the house.

There is a conflict of testimony as to whether the defendants' agent Stockert tested the system for leaks after it had been installed. He testified that he did, but this the Stadicks dispute.

■ On a challenge to the sufficiency of the evidence to support the verdict this court will take the view of the evidence most favorable to the verdict, giving to plaintiff's evidence the strongest probative force of which it will admit and will draw therefrom such inferences and conclusions favorable to the jury's verdict as a reasonable consideration of the evidence will permit. 3 Am.Jur., Appeal and Error, Section 887; 5 C.J.S., Appeal and Error, § 1647; Weber v. Weber, 113 Ark. 471, 169 S.W. 318, L.R.A.1915A, 67, Ann.Cas.1916C, 743; Western States Oil & Land Co. v. Helms, 143 Okl. 206, 288 P. 964, 72 A.L.R. 357.

■ Questions of negligence and proximate cause are always questions of fact for the jury in an action for personal injuries, unless the evidence is such that but one conclusion can be drawn by reasonable minds. Leonard v. North Dakota Co-operative Wool Marketing Ass'n, 72 N.D. 310, 6 N.W.2d 576; Ziegler v. Ford Motor Company, 67 N.D. 286, 272 N.W. 743; Logan v. Schjeldahl, 66 N.D. 152, 262 N.W. 463; Bratvold v. Lalum, 68 N.D. 534, 282 N.W. 514; State ex rel. Brazerol v. Yellow Cab Company, 62 N.D. 733, 245 N.W. 382. But in this case the defendants argue and specify that there is no evidence whatsoever showing negligence on the part of the defendants which was the proximate cause of the injuries to the plaintiff. From the evidence that we have heretofore summarized, it appears to be undisputed that the plaintiff was injured by an explosion of propane gas emanating from the system consisting chiefly of a stove on the inside of the house and a supply tank or bottle located on the outside of the house from which fuel was supplied to the stove through a copper tube. The entire system was sold and installed by the defendants, who also furnished the fuel supply by substituting full bottles for empty ones, as needed. When the explosion occurred the only fire in the house was in the two pilot lights on the stove. The explosion occurred when the oven was opened by the plaintiff. The conclusion is inescapable that the explosion was caused by an accumulation of free gas in or about the stove. How did the gas come to be there? It had escaped from the system in one of two ways—either a burner was left partly open by the plaintiff or his wife or the gas escaped through a defect in the system.

The plaintiff's wife testified that she checked all of the burner valves to see that they were closed when she retired. The plaintiff testified that he looked at the stove before he opened the oven door; that there was nothing wrong with it; and that the burner valves were off. If the testimony of the Stadicks is to be believed, the only reasonable inference is that the gas that exploded escaped from a defect in the system. The evidence produced by the defendants shows that if the system was properly installed there was no danger of leakage.

■ This court has repeatedly held that the determination of credibility of witnesses is for the jury. Burt v. Lake Region Flying Service, 78 N.D. 928, 54 N.W.2d 339; Schnoor v. Meinecke, 77 N.D. 96, 40 N.W.2d 803; Grant v. Jacobs, 76 N.D. 1, 32 N.W.2d 881; Ignatowitch v. McLaughlin, 66 N.D. 132, 262 N.W. 352; Gunder v. Feeland, 51 N.D. 784, 200 N.W. 909; Hultberg v. Hultberg, 49 N.D. 761, 193 N.W. 605; Sheffield v. Stone, Ordean, Wells Company,

49 N.D. 142, 190 N.W. 315; Jensen v. Clausen, 34 N.D. 637, 159 N.W. 30. The syllabus of Akin v. Johnson, 28 N.D. 205, 148 N.W. 535, states:

"Questions of fact, as well as conclusions, regarding the credibility of the witnesses are primarily and fundamentally for the jury, and not for the court, to pass upon and to determine. Where no error of law has been committed by the trial court, a verdict of the jury will not be disturbed which is supported by at least some competent testimony."

The fact that a verdict was rendered for the plaintiff indicates that the jury found the evidence of the Stadicks to be credible. On the basis of their evidence it was logical for the jury to infer that their injuries resulted from the explosion of gas that had escaped from the system that had been improperly installed by the defendants, whose negligence in making such an installation was the proximate cause of the damages which the plaintiff suffered.

■ As further bearing upon the question of negligence the jury had before it the fact that the system had been recently installed by the defendants; had given trouble on previous occasions, the last one being five days before the explosion and was a result of a gas leak in a pipe connection, although outside of the building; and that the installation on the outside did not comply with the safety regulations of the state fire marshal. The trial court denied defendants' motion for a judgment notwithstanding the verdict or for a new trial and, in doing so, of necessity found that there was evidence of negligence which was the proximate cause of the plaintiff's injuries sufficient to take the case to the jury. We agree with that determination.

The order appealed from is affirmed.

BURKE, SATHRE and GRIMSON, JJ., concur.

JOHNSON, J., did not participate.