[File No. 6352.]

CHARLES LOGAN, Respondent, v. A. O. SCHJELDAHL, Appellant.

(262 N. W. 463.)

Opinion filed August 15, 1935. Rehearing denied September 27, 1935.

*Charles J. Vogel* and *Richardson, Thorp & Waltam,* for appellant.

*Knauf & Knauf,* for respondent.

154

MORRIS, J. This suit is the outcome of an automobile accident which occurred between nine and ten o'clock A. M. of August 27, 1933, on state highway No. 9, about five miles south of the town of Oriska in this State. On the morning in question, the plaintiff and two other

young men riding in the plaintiff's Chevrolet coupe started from the farm yard of Fred Wagner, which is located on the west side of and adjacent to the highway. There is a grove of trees between the highway and the farm yard. The plaintiff drove along a private road or driveway which runs in a northerly direction along the west side of the grove for about seventy feet, then turns east and enters the highway. The highway runs north and south. As the plaintiff approached it he stopped at the east edge of the trees, which is about ten or twelve feet from the highway. The plaintiff looked to the right and left and saw no car approaching. As to his vision to the south or right, the plaintiff testified, "From the car you could see down the road about 250 or 300 feet. You could see the east side of the road about 300 feet." He started his automobile and drove at about five miles per hour along a curve twenty or twenty-five feet in a northeasterly direction and entered the highway. He then looked to the south a second time. The point from where he looked south the second time was seven or eight feet in from the west or left edge of the highway. He then saw the defendant's car approaching at a distance of 200 to 250 feet. The plaintiff did not continue across to the east side of the highway but turned to the left and drove about eight or ten feet farther and stopped partly on the driveway and partly on the highway. The defendant's car came down the center of the highway until it was about nine feet from the plaintiff's car and then swerved over to the left fifteen or eighteen inches and struck the plaintiff's car on the right rear fender. The point of collision was several feet west or to the left of the center of the highway. The plaintiff's car was tipped over on its side and pushed along the roadway. The plaintiff's left arm was caught between the side of the car and the roadbed and severely injured.

The highway at the point where the accident occurred, consists of a graveled surface twenty-four feet wide with an earth shoulder one foot wide on each side of the gravel. From the point where the driveway enters the highway, the road can be seen for a distance of about 400 feet to the south, where it passes over the crest of a small hill.

The defendant, as he approached the place where the accident occurred was driving in excess of fifty miles per hour. Such speed is prima facie unlawful. N. D. Sess. Laws 1931, chap. 158. Most of

the testimony indicates that he was traveling between sixty and seventy miles per hour. He states that he first saw the plaintiff's automobile when he was 70 to 100 feet from it. There is ample evidence in the record from which the jury might find that the defendant was negligent.

The defendant contends that even though he was negligent, that the plaintiff is guilty of contributory negligence as a matter of law and cannot recover. He contends that the plaintiff was negligent in driving twenty to twenty-five feet from the point where he first looked until he was seven or eight feet onto the highway without looking again. The questions of negligence of the defendant and the contributory negligence of the plaintiff were submitted to the jury. These are both questions of fact, unless the evidence is such that only one conclusion can be reasonably deduced therefrom. State ex rel. Brazerol v. Yellow Cab Co. 62 N. D. 733, 245 N. W. 382. The verdict must stand unless it appears from the record that the plaintiff was guilty of contributory negligence as a matter of law. "In order to constitute contributory negligence as a matter of law, the facts and circumstances must be such that no other inference can fairly and reasonably be drawn therefrom." Haugo v. Great Northern R. Co. 27 N. D. 268, 145 N. W. 1053. See also, Dougherty v. Davis, 48 N. D. 883, 187 N. W. 616; Billingsley v. McCormick Transfer Co. 58 N. D. 913, 228 N. W. 424.

The law pertaining to the right of way of vehicles is found in chapter 162, N. D. Sess. Laws 1927, from which we quote the paragraphs applicable to this case.

"Section 18. Right of way. (a) When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right except as otherwise provided in section 19. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

"Section 19. Exceptions to the right of way rule. (a) The driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on such public highway."

In order to enjoy the right of way provided by these sections, the driv-

er of a motor vehicle must operate it at such speed and in such manner as is contemplated by law.

"The right of way establishes precedence only when rights might otherwise be evenly balanced. It is the duty of the driver on the main thoroughfare to observe all applicable laws and ordinances regulating speed, and if he is driving at an excessive and unlawful rate of speed, so that the other could not reasonably estimate the speed or make reasonable calculations of the time of his arrival at the intersection, or, if such driver on the main thoroughfare is so far distant from the crossing that a reasonably prudent driver on the intersecting highway might reasonably expect to cross in safety, the 'right of way' would not change the rule of liability." Heidle v. Baldwin, 118 Ohio St. 375, 161 N. E. 44, 58 A.L.R. 1186.

The plaintiff in this case did not see the defendant approaching until the plaintiff was partly on the highway. Immediately upon observing the defendant's rapid approach the plaintiff yielded to him the right or east half of the highway and more. At no time did the plaintiff enter the defendant's lane of travel. The point of impact was several feet to the left of the center of the highway. Chapter 162, N. D. Session Laws 1927, § 9, provides:

"Drive on right side of highway. Upon all highways of sufficient width, except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the highway and shall drive a slow moving vehicle as closely as possible to the right-hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway and except when overtaking and passing another vehicle subject to the limitations applicable in overtaking and passing set forth in §§ 12 and 13 of this act."

The defendant in both brief and oral argument cited the case of Kuhn v. American Fruit Growers, 154 Wash. 693, 283 P. 444. In that case the plaintiff entered an arterial highway from a private lane where his view was obstructed, but he drove directly into the defendant's lawful lane of travel. Moreover, the defendant was not traveling at an unlawful rate of speed. The facts in that case are quite different from those here presented.

In the case of Hittle v. Jones, 217 Iowa, 598, 250 N. W. 689, Hittle

drove in front of Jones who was traveling on a primary highway at a high rate of speed. But in that case the view was not obstructed and the collision took place in Jones' lawful lane of travel. The court held it was contributory negligence for Hittle to drive in front of Jones' fast moving car. A number of other cases are cited by the appellant, but in each of those cases the facts differ with the case which we are here considering.

The question of contributory negligence as presented by the record in this case is clearly one of fact, and the verdict of the jury is conclusive.

Affirmed.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.

MORRIS, J. (On petition for rehearing.) In a courteous and able petition for rehearing the appellant suggests that we have over-emphasized the matter of speed particularly with reference to the question of contributory negligence. Under the statutory law in this State it is prima facie unlawful to drive a motor vehicle in excess of fifty miles per hour. The statute also provides that the driver of a vehicle entering a public highway from a private road must yield the right of way to vehicles approaching on the highway. In our original opinion we held that in order to enjoy the right of way a driver of a motor vehicle must operate it in a lawful manner. The conclusion which we thus reached is amply supported by reason and authority. When a driver operates his vehicle in an unlawful manner, as for instance by driving at an excessive speed, he loses the right of precedence which would be his under the statute had he been complying with the law, or as stated in Blashfield's Cyclopedia of Automobile Law & Practice, Permanent ed. § 1009, "He loses his statutory preferential status." This does not mean, however, that the driver who thus loses his right of way becomes a trespasser on the highway, neither does it mean that the right of way so lost is conferred upon the driver of another car. Nevertheless, excessive speed on the part of a driver on a favored highway is a factor to be considered in determining whether or not a driver who enters from a non-favored highway is guilty of contributory negligence. The driver of a car entering a favored highway has a right to expect that others

using it will conduct themselves in a lawful manner and if he finds himself in a position of peril because of the excessive speed of an approaching car it cannot be said that he is guilty of contributory negligence as a matter of law because he failed to anticipate the unlawful conduct of the other driver. In this case it cannot be said that the plaintiff was guilty of contributory negligence as a matter of law because he failed to see the defendant's car before he did see it or because he attempted to avoid the accident by pulling over and stopping on the left side of the highway upon discovering his peril.

Other points suggested in the petition for rehearing were carefully considered by the court in arriving at the decision in this case. After giving these matters further consideration we are still of the opinion that the questions of negligence and contributory negligence here presented, are for the jury. Rehearing denied.

BURKE, Ch. J., and CHRISTIANSON, BURR and NUESSLE, JJ., concur.