[File No. 7018]

THEODORE B. FAGERLUND, Respondent, v. LEONARD W. JENSEN, Appellant.

(24 NW2d 816.)

Opinion filed Oct. 30, 1946. Rehearing denied Nov. 27, 1946.

*Kehoe & Kehoe,* and *F. T. Cuthbert,* for appellant.
*John A. Stormon,* for respondent.

BURR, J. This is an action to recover damages resulting from a collision on the streets of Rolla between a truck driven by the

plaintiff and a truck belonging to the defendant owner of a carnival company, and driven by his employee.

The complaint alleges the collision was caused by the negligence of the defendant and that plaintiff was damaged to the extent of seven hundred dollars. The answer admits the collision, but the defendant specifically denies he was guilty of any negligence. He "further alleges that if he were guilty of any negligence, the plaintiff was guilty of contributory negligence." The matter of a counterclaim is not before us on this appeal.

At the close of plaintiff's case the defendant moved the court to direct a verdict for the dismissal of the case on the ground, "it is conclusively shown that the plaintiff is guilty of contributory negligence. For the further reason that the testimony shows that the plaintiff violated the traffic laws of the State of North Dakota, more particularly §§ 39–0703 and 39–1011 and 39–1013 of the North Dakota Revised Codes of 1943." He renewed this motion at the close of the entire case.

The jury returned a verdict in favor of the plaintiff for five hundred dollars. Upon the return of the verdict the defendant moved the court "to set aside that verdict as being contrary to the law and facts, and to enter a judgment for the defendant for the dismissal of the action notwithstanding the verdict."

The court denied these motions and entered judgment in favor of the plaintiff according to the verdict.

Defendant appealed from the judgment and specifies as errors the rulings of the court with reference to the aforesaid motions, and in addition three alleged errors in the charge to the jury.

No motion for a new trial was made; hence we do not review the evidence in the case except to consider the sufficiency of the evidence to sustain the verdict regardless of conflicting testimony. In determining this issue the court must adopt that view of the evidence which is most favorable to the respondent. Taylor v. Minneapolis, St. P. & S. Ste. M. R. Co. 63 ND 332, 248 NW 268; Chubb v. Baldwin Piano Co. 54 ND 189, 192, 208 NW 975, 976; Froemke v. Otter Tail Power Co. 68 ND 7, 276 NW 146.

We said in Barkley v. Quick, 33 ND 124, 130, 156 NW 544, 545, "It is, of course, elementary that upon a motion to direct a

verdict in favor of either party the court will accept as true the evidence produced by the opposite party. If there is sufficient competent evidence to sustain the verdict the same will not be disturbed. It is not material that there was a conflict in the evidence. Nor are we interested in defendant's version of the contract."

On the argument the defendant conceded there was ample evidence as to his own negligence to justify submission of that question to the jury; but argued earnestly that had it not been for the contributory negligence of the plaintiff there would have been no collision.

Main street in Rolla runs practically east and west and Front street intersects Main street, running north and south. Main street is what is known as a stop street. Plaintiff was driving south on Front street, traveling at a rate of between seventeen to twenty miles per hour. It was his purpose to turn east on Main street.

As illustrative of respondent's testimony with reference to two trucks belonging to the carnival company we quote his statement of what took place as he approached the intersection. He said,

"I approached the intersection and as I approached that I noticed a truck, a ton and a half Chevrolet, I think it was, entering the intersection I was approaching. It was a peculiarly painted truck ——. . . . .

Just coming up to the intersection I was approaching. And I stopped and this truck turned south on Front Street, that is, made a lefthand turn off Main Street down Front, and at the same time as I was about to enter the intersection I saw the second truck traveling . . . that is a wide, square corner there, ——and I saw the second truck coming down the street I believe about in the vicinity of two hundred feet down the street, or that would place it about in front of Monroe's hardware, or in that vicinity of the block. Deeming that I had plenty of time to cross the intersection, I crossed through the intersection and was across the sidewalk line between the intersection and Main, by that I mean completely through the intersection and starting

down Main Street, when the accident occurred. . . . At Main and Front, approximately an 80-foot square."

On cross-examination he said in part:

"The accident didn't occur in the intersection. I had ample time to go through the intersection. I was going down the street when the accident occurred, not in the intersection. I was through the intersection and thirty feet down the street or thereabouts."

The defendant's truck involved was the second of two trucks which belonged to this carnival company which was leaving for Belcourt. The route of these trucks was west on Main Street to Front Street, thence south. They were about two hundred eighty feet apart and their speed was approximately twenty miles per hour. The truck involved was being operated by an employee named Thomas. It was the purpose, therefore, of Thomas following the lead truck, to turn to the left into Front street. When he reached the intersection he was on the south side of Main street, taking a rather sharp turn into Front Street.

Exhibit 1, made by the police officer who reported the traffic accident, contains a plat showing his report as to the place of the collision. He was at the scene of the accident a few minutes after it occurred and saw the trucks as they stood at the time of the collision. This exhibit was introduced by the defendant. It shows the collision took place at a spot entirely on the south side of Main street, and at least thirty feet east of the center of the intersection. It locates the scene of collision by diagram and places the situs at the boundary of the northeast quarter of the intersection and a short distance from its southeast corner. Plaintiff testified the impact of the collision shoved his truck some feet back to the intersection.

The employee, driving the defendant's truck, testified that as he approached the intersection and before he started to turn he looked in front of him, then glanced into the rear-view mirror and that when he looked around, the plaintiff "was right in front of him." The witness said he, himself, was moving at about nineteen miles per hour. He testified that the testimony of the plain-

tiff. and of the police officer as to what part of plaintiff's truck was hit was substantially correct that "he (the plaintiff) was right sideways of the road when I hit him." He claims however that the plaintiff "was a little over on the north side of the road, that is the north side of Main street." Nowhere does the driver of defendant's truck claim the collision took place inside of the intersection nor does he say he saw plaintiff's truck until the time of the collision. Evidently he was not looking ahead of him or he would have seen plaintiff's truck as it passed through the intersection and turned east. He does state that when he hit plaintiff's truck that truck was a little on the "north side of the center" of Main street and that he pushed the truck a little over to the left-hand side. His claim is that the front end of plaintiff's truck "was about where he belonged but his back end was right over there in my way."

There is dispute in the testimony in regard to some of these statements as to positions and acts of the participants upon which the charges of negligence and contributory negligence were based; but it was the duty of the court to submit these issues to the jury. In Larson v. Farmers' Elevator Co. 63 ND 396, 402, 249 NW 116, 118, we set forth: "Negligence and contributory negligence are primarily questions for the jury. They become questions of law only when the facts are such that reasonable men, in the exercise of reason and judgment, can draw only one conclusion therefrom."

The jury found for the plaintiff and there is sufficient evidence to sustain the verdict. Therefore it was not error for the court to refuse to direct a verdict for the defendant, or to refuse to set aside the verdict on the theory that the plaintiff was guilty of contributory negligence, or to refuse to grant judgment notwithstanding the verdict.

Great stress is laid upon the assertion that the evidence shows the plaintiff, when he entered the intersection of Main and Front streets, violated the traffic regulations of the three sections of the Revised Code named. We need not set out these sections in full. They deal with the effect of stop signs; (39–0703) that a

driver on his coming to an intersection, and intending to turn to the left, shall "approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway, and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning such vehicle to the left," (39–1011); and that "before starting, stopping or turning from a direct line, the driver of any vehicle upon a highway first shall see that such movement can be made in safety, . . . Whenever the operation of any other vehicle may be affected by such movement, the driver shall give a signal plainly visible to the driver of the other vehicle of the intention to make such movement." (39–1013) Both drivers intended to turn to the left in the intersection.

With reference to these requirements it is sufficient to say that whether plaintiff followed them or failed to follow them (he claims he followed them) there was ample evidence to show he had entered the intersection, turned to the left, proceeded out of the intersection and was beyond it when the defendant, who was out of the position required of him, caused the collision.

The plaintiff had come to a full stop. The first truck had passed. He saw this second truck some two hundred feet to his left and moving at a very reasonable rate of speed. He decided he had ample time to enter the intersection, round the central point and turn to the left on the south side of Main street going east. It is true that Main street is what is known as a through street, but the two trucks did not reach the intersection at approximately the same time. Because there was a procession of cars moving down the through street—each car a considerable distance behind its lead—did not require the plaintiff to wait until the entire caravan passed, if there was ample time and opportunity for him to enter the intersection and go on his own business without injury to another. The court fully instructed the jury on these points. There is nothing in the traffic regulations to require the plaintiff to wait for a coming truck a considerable distance to his left, when with the exercise of due care he can safely enter the intersection and pass through on his way. The facts submitted, if believed by the jury, show that

plaintiff not only had entered the intersection and turned to the left as he had a right to do, but had passed completely out of the intersection. Had the defendant not attempted to turn a sharp corner into Front Street there would have been no collision. There is evidence showing the driver of defendant's truck was not even looking where he was going. His attention was distracted. It was not until he was within six feet of the plaintiff's truck, which according to some testimony, was well over toward the south side of Main street, that he noticed it. According to his own statement it was broad daylight, there was nothing to obstruct his vision.

The jury, by its verdict, found there was no contributory negligence, and the burden of proving contributory negligence was upon the defendant. A violation of traffic regulations, or a violation of the law governing highway traffic does not in itself prevent the plaintiff from recovering damages. ". . . if the statutory requirement is violated it does not follow that the one so violating the statute . . . is necessarily precluded from recovering damages." See Chambers v. Minneapolis, St. P. & S. Ste. M. R. Co. 37 ND 377, 394, 163 NW 824, 827, Ann Cas 1918C 954.

The assignments of error, based on the charge to the jury, have been examined in the light of the facts in this case and in the light of the entire charge given by the court to the jury. The court carefully and fully charged the jury as to the respective rights and duties of the parties in travelling the highway, together with the duties regarding entering and traversing intersections, and quoted freely from the statutes. No reversible error has been shown therein and the judgment therefore is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE and MORRIS, JJ., concur.