John W. KING, Individually, and as Trustee for the North Dakota Workmen's Compensation Bureau, Plaintiff and Respondent,

v.

RAILWAY EXPRESS AGENCY, INC., a foreign corporation and H. E. Discher, Defendants and Appellants.

No. 7774.

Supreme Court of North Dakota.

Jan. 12, 1959.

Rehearing Denied Feb. 19, 1959.

Conmy & Conmy, Fargo, for appellants.

Lanier, Lanier & Knox, Fargo, for respondent.

## PER CURIAM.

In August 1956, the Dakota Electric Co. was engaged in making certain changes in the street wiring system for the City of Fargo. The street lighting heads were taken off the old trolley poles, which were to be removed, and attached to new, ornamental light poles. The plaintiff, John W. King, was an employee of the Dakota Electric Company and in charge of the particular work involved in this case. The place where this work was being done was at the intersection of Second Avenue North and Broadway, Fargo, North Dakota. There had been a steel guy wire across Broadway to which the electric wires were attached. In making the lighting head change the guy wire was cut loose and fell to the street, carrying the electric wires with it. Before that was done the police who were in charge of traffic along the street where such work was being done had cleared the street of traffic and supervised the traffic during the raising of the wires. The guy wire was detached from the electric wires and the electric wires raised to re-attach the lighting heads to the new poles. Plaintiff did that first on the east side where he made a temporary fastening to be later raised and made permanent. When the plaintiff had done that he, with his assistants, crossed Broadway and he climbed a stepladder placed against the pole and raised the electric wires to a position about 21 feet above the ground where the permanent attachment was to be made. When he had done that the wires sagged above the middle of the street and the lowest part was only about six feet above the ground but traffic passed safely under it on the east side. Plaintiff found that one of the electric wires was broken so he, while still standing on the stepladder, with his back to the traffic, began to splice it. While he was doing that the policeman in charge of the traffic, believing the street was then safe for traffic, walked a block or so away because of some double parking. Another policeman, however, was standing on the ground watching plaintiff.

The defendant, H. E. Discher, was driving a truck for the defendant, Railway Express Agency, Inc., south on Broadway. He knew this work was being done and saw what the plaintiff was doing. He claims he was driving only 12 miles per hour and that he looked straight ahead and saw no wire. The policeman, turning his head saw, over his left shoulder, the defendant's truck coming south and shouted to defendant, Discher, to stop. Discher, after hearing the policeman's shout, was unable to stop before reaching the wire. The visor above the windshield on his truck, about eight feet high, caught the electric wires, and pulled plaintiff off the ladder. Plaintiff fell to the ground and was seriously injured. For those injuries this action is brought on the contention of plaintiff that the proximate cause of the injury was defendant Discher's negligence.

It is, however, claimed by the defendant that the negligence of the plaintiff contributed proximately to cause the injury.

The case was tried to a jury. At the close of the evidence defendant moved for a directed verdict on the ground that there was no sufficient proof of negligence on the part of the defendant, Discher, and that the plaintiff himself was guilty of contributory negligence. The motion was denied. The jury rendered a verdict for the defendant. The plaintiff thereupon moved for a new trial and defendants made a motion for judgment on the verdict. The

defendants' motion was denied but the motion of the plaintiff was granted. Defendant appeals from that order of the court.

Upon that part of this appeal which relates to the denial of defendants' motion for judgment in accordance with the verdict, defendants urge that they were entitled to a verdict and judgment for the dismissal of the action as a matter of law and that, therefore, any errors which may have occurred in the course of the trial were without prejudice to the plaintiff.

Upon this question defendants contend, first, that there is no evidence of actionable negligence upon the part of the defendant, Discher; and second, that the evidence establishes contributory negligence on the part of the plaintiff as a matter of law.

■ Ordinarily questions of negligence and contributory negligence are questions of fact for the jury. It is only where the state of the evidence is such that reasonable men must draw the same conclusion therefrom that they become questions of law for the court. Moe v. Kettwig, N.D., 68 N.W.2d 853; Killmer v. Duchscherer, N.D., 72 N.W.2d 650.

■ Upon the law and the evidence in this case we are satisfied that the issues of negligence, proximate cause and contributory negligence were for the jury. It is true that the defendant, Discher, testified that he did not see the cable he struck but he admitted that he saw the men working at the intersection, including the plaintiff standing upon the ladder with his back to the street. Whether he proceeded with reasonable caution or maintained a reasonable lookout in the light of the knowledge he had, are, in our view, clearly questions upon which reasonable men could well disagree and therefore, questions for the jury.

The plaintiff was doing the job he had to do in the only way it could be done. The only charge of negligence upon his part is that he did not make arrangements to have traffic on the street controlled until the job was finished. It had been controlled and traffic had safely passed under the wires on the east side while it was so controlled but that, shortly before plaintiff was injured, the policeman on duty at the intersection had left his post. There is no evidence that plaintiff knew that traffic control had ceased and in the circumstances we are agreed that the question of his negligence was for the jury. We therefore hold that defendants were not entitled to judgment as a matter of law.

The trial judge granted a new trial in the case solely upon the ground that he had permitted the jury to have a ruler and a piece of string for the purpose of experimentation during the course of their deliberations without the knowledge or consent of the parties. Defendants contend that it was error for him to do so.

As to the use to which this string and ruler were put the affidavit of one of the jurors, Archie McLaughlin, states:

"That during the deliberation of the case he suggested, and the other jurors concurred, that they ask the court for a length of string and a ruler for the purpose of placing the string in a corresponding position to the wire as it appeared to have hung across Broadway as shown by the evidence in the case, so as to better enable the jury to visualize in a general way how the wire would have sagged; that such a string and ruler were received and were used in the manner above stated."

Section 28–1417 NDRC 1943, provides what papers the jury may take with them when they retire for deliberation. Section 28–1418 NDRC 1943, provides for the conduct of the jurors in retirement as follows:

"Unless, by order of the court, the officer having the jurors under his charge must not suffer any communication to be made to them, or to make

any himself except to ask them if they have agreed upon a verdict, and he, before the verdict is rendered, must not communicate to any person the state of their deliberation or the verdict agreed upon."

■ There is no provision in the law that permits giving to the jurors any instruments or articles that have not been admitted as exhibits or used as instruments in explaining exhibits and as to the latter instruments they can only be allowed to the jury with the consent of counsel.

The purpose is, of course, to confine the jury's consideration of the matters involved to the evidence produced in court.

Our court has passed upon the question in State v. Lindeman, 64 N.D. 518, 254 N.W. 276, 93 A.L.R. 1442. Defendant was charged with engaging in the liquor traffic. Some labeled bottles, which had been marked and used in another case but were not admitted in evidence in this case, came into possession of the jury. That was held to be in this case prejudicial error.

Jensen v. Dikel, 244 Minn. 71, 69 N.W. 2d 108, 115, was a damage action caused by the collision of two automobiles. The condition of the automobiles after the accident were presented to the jury showing the separation of parts of the steering apparatus, making the defendant unable to steer the car, which therefore ran into the plaintiff's car. Before the jury retired one of the jurors requested a screw driver and pliers to take with him into the jury room. The screw driver and pliers were used by the juror in an experiment to determine the workability of these parts of the automobile defendant was driving and found they could not be separated. The court held that:

"Where, as here, the jury, with the approval of the court, is given tools or other objects which were not even present at the trial or which were not used to aid the jury in its understanding of testimony, it is our opinion that the supervisory duties of the court require it to safeguard the rights of all parties by obtaining their consent to such action. * * * And because the record here is silent as to the consent of the parties, we cannot assume that this plaintiff consented to the use of the screw driver and pliers by the jury. We conclude that the trial court's action objected to by plaintiff was prejudicial to her and necessitates a new trial."

■■ Here we have a ruler and a string that was provided for the jury without consent or knowledge of any of the parties. With that ruler and string an experiment appears to have been made by attempting to reproduce the way the electric wire hung across Broadway at the time of the accident. The condition, however, would be so different from the actual condition of the electric cable over the street that the results of the experiment could well be inaccurate and misleading. To allow an experiment of that kind by the jury is prejudicial error, entitling the plaintiff to a new trial.

In his motion for new trial plaintiff specified other errors which were not considered by the trial court. He asks that these specifications be considered on this appeal. However, since these specifications relate to incidents which are unlikely to arise upon a new trial we see no occasion to do so.

The order of the trial court granting a new trial is affirmed.