Ruth ERDAHL, Plaintiff and Respondent,

v.

Neil HEGG, Defendant and Appellant.

Sven ERDAHL, Plaintiff and Respondent,

v.

Neil HEGG, Defendant and Appellant.

No. 7760.

Supreme Court of North Dakota.

June 20, 1959.

Rehearing Denied Sept. 29, 1959.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for defendant and appellant.

Nilles, Oehlert & Nilles, Fargo, for plaintiff and respondent.

BURKE, Judge.

These two actions are for damages which the plaintiffs alleged they suffered as a result of a collision between an automobile owned by plaintiff, Sven Erdahl, and operated by plaintiff, Ruth Erdahl, and an automobile owned and operated by the defendant, Neil Hegg. The plaintiffs alleged that their damages were proximately caused by the negligence of the defendant. The defendant, in his answer, denied any negligence on his part and counterclaimed for his damages which he alleged were proximately caused by the negligence of the plaintiff, Ruth Erdahl. The two actions were consolidated for purposes of trial and the trial resulted in verdicts and judgments in favor of both plaintiffs and against the defendant. Subsequent to the judgment the defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial in each case. These motions were denied in each case and defendant has appealed from the orders of denial.

The first matter for consideration on this appeal is the correctness of the trial judge's order on the motion for judgment notwithstanding the verdict. At the close of the testimony in these cases defendant had moved for a directed verdict on the grounds; "that plaintiff has failed to show any negligence on the part of the defendant and that Ruth Erdahl's own testimony has shown that she was negligent, in failing to make proper observation, in failing to have her vehicle under control, and that she admits directly on cross-examination that she could have stopped her vehicle from the time she first saw the defendant's vehicle if she had so attempted." The correctness of the ruling on the motion for judgment notwithstanding the verdict depends upon whether defendant was entitled to a directed verdict at the time the motion for a directed verdict was made. Rokusek v. Bertsch, 78 N.D. 420, 50 N.W.2d 657; Filler v. Stenvick, 79 N.D. 422, 56 N.W.2d 798; Kinnischtzke v. City of Glen Ullin, 79 N.D. 495, 57 N.W. 2d 588. The question therefore is whether the evidence, when viewed in the light most favorable to the respondent, will sustain the verdict. Fagerlund v. Jensen, 74 N.D. 766, 24 N.W.2d 816; Schnoor v. Meinecke, 77 N.D. 96, 40 N.W.2d 803.

The collision occurred in the southwest quarter of the intersection of 1st St. and 10th Ave. N. in Fargo. Immediately prior to the collision the plaintiff, Ruth Erdahl, had been proceeding south on 1st St. and the defendant Hegg had been traveling east on 10th Ave. As each party approached the intersection view of the other was to some extent obstructed by a house at the northwest corner of the intersection which was located 45 feet north of the 10th Ave. curbing and 50 feet west of the 1st St. curbing. Both streets are 30 feet in width from curb to curb. The time was between 7:30 and 7:45 o'clock on an October evening. It was dark and both cars had their lights on. Mrs. Erdahl testified that as she approached the intersection she slowed down to less than 20 miles an hour, that she looked to the right "just past the corner of the house" when she was 35 to 40 feet north of the intersection and saw the lights of an approaching car which she estimated was about two blocks away; she looked to the left, saw no cars approaching from that direction and proceeded into the intersection. When she was two-thirds of the way across the intersection she saw defendant's car right on top of her. It was then too late for her to take any action to avoid the collision. Defendant testified that he approached the intersection at a speed which he estimated to be 25 miles per hour, although it might have been less; that when he was about 70 feet west of the center of the intersection he saw the Erdahl car at about the same distance north of the intersection; he immediately "jammed on his brakes" and had reduced his speed to about five miles an hour when his car struck the Erdahl car. His car left heavy skid marks on the dry paving 43 feet long. The defendant's car struck the Erdahl car broadside. The center of the impact was the center post at the rear of the front seat of the Erdahl car. The location of the point of impact with respect to the street was about 10 feet north of the south curb line of 10th Ave. and about 3 or 4 feet east of the west curb line of 1st St. Upon being struck the Erdahl car rolled over on its side, slid across 1st St., struck the curbing at the southeast corner of the intersection, returned to an upright position and stopped facing northeast with its front wheels on the boulevard and its rear wheels in the street. At its closest point it was 43 feet from the point of impact. The defendant's car came to rest headed south with its front wheels about 11 feet north of the south side of the intersection and its right side about 3 feet east of the north and south center line of the intersection.

Mrs. Erdahl testified that after the accident, one of the defendant's passengers said to him, "I told you not to drive so fast." In his testimony the defendant denied that he had ever been so admonished. Defendant testified that Mrs. Erdahl had said, "I thought you were going to stop". Mrs. Erdahl denied making this statement. Defendant admitted telling an investigator that the speed of his car was 15 miles an hour when he struck the Erdahl car, but he said that his testimony given at the trial was correct.

■ Does this evidence support a finding of negligence on the part of the defendant and a finding of an absence of contributory negligence on the part of the plaintiff, Ruth Erdahl? Questions of negligence, contributory negligence and proximate cause are ordinarily questions of fact for the jury. It is only where the state of the evidence is such that reasonable men can draw but one conclusion therefrom that these questions become questions of law for the court. King v. Railway Express Agency, Inc., N.D., 94 N.W.2d 657; Goulet v. O'Keeffe, N.D., 83 N.W.2d 889; Killmer v. Duchscherer, N.D., 72 N.D.2d 650.

■ In their complaints the plaintiffs had pleaded three ordinances of the City of Fargo one of which fixed the speed limit at the site of the collision at 20 miles an hour. In his answer defendant admitted that the pleaded ordinances were in effect at the time of the accident. Defendant admitted in his testimony that his speed

was in excess of the limit provided by the ordinance. Defendant's admission of the violation of the city ordinance was, of itself, evidence of negligence. Knudsen v. Arendt, 79 N.D. 316, 56 N.W.2d 340; Attleson v. Boomgarden, N.D., 73 N.W.2d 448. It was therefore sufficient to sustain a finding of negligence on the part of the defendant by the jury. In this connection defendant has urged that there is no proof that the city speed ordinance was in effect because there was no proof that notice of a speed limit, less than that provided by state law for residence districts generally, was posted as required by Sec. 39–0902, NDRC 1943, and for that reason there is no evidence that the speed ordinance was in effect at the time and place of the collision. However, defendant's unqualified admission that the speed ordinance was in effect dispensed with the necessity of establishing that fact by proof. Mitchell v. Knudtson Land Co., 19 N.D. 736, 124 N.W. 946.

■ We are also satisfied that the jury could reasonably have found that the defendant had exceeded the speed limit of 25 miles an hour provided by state law. It is true, as is stated by the defendant, that there is no testimony by any witness that defendant was exceeding that limit. There was however evidence to impeach the testimony of the defendant and his witnesses on this point. The fact that defendant "jammed on his brakes" immediately upon seeing plaintiffs' car, the fact that his car left skid marks 43 feet in length, and the force of the impact as illustrated by the fact that plaintiffs' car rolled over and slid or skidded a long distance, not in the direction in which its own momentum would have carried it, but in the direction in which defendant's car had been travelling, are facts which, when taken together, would permit reasonable men to infer that defendant had been travelling at a speed greater than the 25 miles an hour to which he admitted.

■ In arguing the point of Ruth Erdahl's contributory negligence defendant lays great stress upon her testimony that when she first saw defendant's car it was about two blocks away. He says that this testimony is palpably incredible. He argues that the car which she saw two blocks away could not have been defendant's car but must have been another car which turned off at the intervening intersection and that it follows that she did not see defendant's car at all and therefore she did not keep a proper lookout. The fact that the car which struck her car could not have been two blocks away at the time she looked to the right, did not require the jury to find that the car she saw was not the one which struck her car. In view of all the circumstances, the jury could well have found that she overestimated the distance from which she saw the headlights of the approaching car and that the car she saw was the one involved in the accident. Once the jury had reached the conclusion that defendant had been travelling at an excessive speed, it would follow as a permissible inference from the location of the accident in the southwest quarter of the intersection, that Ruth Erdahl' had entered the intersection in the exercise of reasonable care and was therefore free of contributory negligence. If defendant was travelling at an excessive speed he had forfeited his statutory right of way.

"The driver of a car entering a favored highway has a right to expect that others using it will conduct themselves in a lawful manner, and if he finds himself in a position of peril because of the excessive speed of an approaching car, it cannot be said that he is guilty of contributory negligence as a matter of law because he failed to anticipate the unlawful conduct of the other driver." Logan v. Schjeldahl, 66 N.D. 152, 159, 262 N.W. 463, 466.

The motion for judgment notwithstanding the verdict was therefore properly denied.

Upon the appeal from the order denying the motion for a new trial defendant has specified and argued some seven alleged errors of law, committed in the trial of the case, which were specified as grounds for a new trial in the court below. We shall first consider the assignment which in our opinion requires the granting of a new trial in this case. This assignment relates to the instruction given by the trial judge as to the effect to be given by the jury to the violation of a city ordinance. The instruction is as follows:

"You are instructed that any one violating any of the provisions of the law or ordinances hereinbefore referred to regulating traffic on the highways or streets of this state is prima facie guilty of negligence; and if you find from a fair preponderance of the evidence in this case that either the plaintiff or the defendant at the time of the accident in question was guilty of violating any of the provisions of law regulating traffic on the highways and streets, as I have given them to you, then they would be guilty of negligence."

The second part of this instruction clearly charges that the violation of a traffic ordinance or statute is negligence as a matter of law. This charge was repeated later in the instructions as follows:

"You are therefore instructed that if you find from a fair preponderance of the evidence in this case that either the plaintiff Ruth Erdahl, or the defendant, Neil Hegg, at the time of the accident in question was guilty of violating any of the provisions of the law regulating traffic on the highways and streets, as I have given them to you, then she or he would be guilty of negligence."

These parts of the charge are erroneous. Both the state statute and the city ordinance, regulating the speed of vehicles in residence districts, provide that

it shall be prima facie unlawful to exceed the stated limit which was 25 miles an hour in the statute and 20 miles an hour in the ordinance. The violation of such an ordinance or statute is not negligence as a matter of law but is only evidence of negligence which the jury may consider in determining an issue of negligence. Attleson v. Boomgarden, N.D., 73 N.W.2d 448. In view of defendant's testimony that his speed before the accident was 25 miles an hour or 5 miles an hour in excess of the limit fixed by the city ordinance, the instruction was in effect a charge that the defendant was negligent as a matter of law. The erroneous instructions were not cured by the fact that the trial judge also instructed that one who violates an ordinance or law "is prima facie guilty of negligence." The words "prima facie" in their technical or legal sense are not ordinarily a part of the vocabularies of members of juries and it is most likely that the subsequent instructions in ordinary English would be construed as an explanation of the words "prima facie guilty of negligence." The instruction was erroneous and, because of the evidence in the case, it was clearly prejudicial.

Defendant has also specified that it was error for the trial judge to instruct the jury concerning the city ordinances regulating speed on the city streets for the reason that there was no evidence in the record as to the posting of such speed limits. While we have considered this question in our discussion of the sufficiency of the evidence, we think it advisable, although it is somewhat repetitious, to add to that discussion here.

The principal ordinance under attack is Section 8-0302 of the Fargo City Ordinances. This section provides:

"Subject to the provisions of Section 8-0301, and except in instances where a lower speed is specified in this article or by the laws of this state, it shall be prima facie lawful for the driver of a vehicle to drive the same

at a speed not to exceed twenty miles an hour, and unlawful to drive at a speed in excess of twenty miles per hour except on through streets and avenues where a speed not in excess of twenty-five miles an hour shall be prima facie lawful."

The state law, Section 39–0902, Par. 7, 1957 Supp. NDRC, provides:

"it presumably shall be lawful for the driver of a vehicle to drive the same at a speed not exceeding * * * twenty-five miles an hour in a residence district and in public parks unless a different speed is fixed by local authorities and duly posted * * *."

█ There can be no doubt but that, under the provisions of Section 39–0902, supra, a city ordinance which fixes a speed limit lower than that provided by state law cannot become effective until the limit is posted. It follows that proof that such an ordinance was in effect in a given locality in a city would require evidence that the ordinance had been duly enacted and evidence that the particular locality had been posted.

In this case plaintiffs' complaints alleged that the ordinances were in effect in the City of Fargo at the time of the accident. The defendant's answers unqualifiedly admitted that the ordinances were in effect. The allegations of the complaints and the admissions of the answers related not to enactment alone but to the fact that the enacted ordinances were in effect.

A somewhat similar situation was before this court in Mitchell v. Knudtson Land Company, 19 N.D. 736, 124 N.W. 946, 947. In that case it was alleged that "O. A. Knudtson was the duly and authorized agent of the Knudtson Land Company." This allegation was admitted by the answer. The judgment in the case was challenged because there was no proof in the record that Knudtson had been authorized in writing to bind his principal to a contract to sell real estate. There the court

held that the allegations in the complaint and answer must be construed in the light of the nature of the litigation and that the allegation and admission of an authorized agency would be construed as an allegation and admission that the agent was authorized to make the contract which was the subject matter of the suit

█ Upon the basis of the reasoning in the foregoing case, the allegations and admissions in the complaints and answers in these cases, that the pleaded ordinances were in effect, must be construed to relate to the particular place where the subject matter of the action, the collision, took place. The admission in the answers therefore made it unnecessary to prove either the enactment of the ordinance or the posting of the speed limit. There was therefore no error in the instruction which submitted the ordinances to the jury.

Defendant's other specifications of errors relate to incidental remarks by the trial judge, to the striking of testimony on the ground that a witness stated a conclusion and other matters which are not related to the issues in these cases. Since a new trial in these cases must be granted in any event and it is most unlikely that any of these questions will arise upon a new trial we do not consider them.

The order denying a new trial is reversed. A new trial is granted with leave to the parties to amend their pleadings.

SATHRE, C. J., and MORRIS, J., concur.

On Petition for Rehearing

BURKE, Judge.

Plaintiff has filed a petition for rehearing in this case, in which it is urged that the decision in the case of Attleson v. Boomgarden, N.D., 73 N.W.2d 448, 450, cited by the court in the opinion filed, was erroneously considered as authority for the propo-

sition that proof of the violation of a speed limit was evidence of negligence and not negligence per se. In the petition it is pointed out that the decision in Attleson v. Boomgarden construed Section 39–0902, NDRC 1943, which provided: "It shall be prima facie unlawful * * * to exceed any * * * speed limitations", while the statute in force at the time of the accident in the instant case (Chapt. 254, Laws of N.D.1955) provided: "It shall be unlawful * * * to exceed any * * * speed limitations." Since the decision in Attleson v. Boomgarden laid stress upon the words "prima facie" in holding that proof of a speed which was prima facie unlawful was only evidence of negligence and not negligence per se, the criticism is well taken in so far as the state statute is concerned.

In this case, however, error was also specified upon the trial judge's instruction that the defendant would be guilty of negligence if he exceeded the speed limit fixed by the city ordinance. This ordinance provided:

"8–0304. * * * It shall be prima facie lawful for the driver of a vehicle to drive the same at a speed not to exceed twenty miles an hour and unlawful to drive at a speed in excess of twenty miles an hour."

A reasonable construction of this ordinance requires us to say that the words "it shall be prima facie" must be supplied before the word unlawful in the latter part of the ordinance. In other words this ordinance provides that it shall be prima facie unlawful for a driver to exceed a speed of 20 miles an hour.

It follows that the rule announced in Attleson v. Boomgarden, supra, is applicable to the instruction under the city ordinance. The petition for rehearing is therefore denied.

SATHRE, C. J., and MORRIS, J., concur.